# In the United States Court of Federal Claims

Nos. 23-693C, 23-720C

(Filed: July 20, 2023)

|  |  |
|---|---|
| ACCELGOV, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff,* |
| v. |
| THE UNITED STATES, |
| *Defendant.* |

|  |  |
|---|---|
| ISI-MARKON JV, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff,* |
| v. |
| THE UNITED STATES, |
| *Defendant.* |

## ORDER

**I. BACKGROUND**

On May 10, 2023, AccelGov, LLC, one of two plaintiffs in this case, filed its bid protest action against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b). ECF No. 1. On May 16, 2023, the Court consolidated AccelGov's case with that of ISI-Markon JV, LLC, which separately challenged the same procurement. ECF No. 15. On May 18, 2023, this Court granted Defendant-Intervenor SLICOM's unopposed motion to intervene. May 18, 2023, Docket Order. On the same day, the Court issued a scheduling order for the parties to file motions for judgment on the administrative record ("MJARs"). ECF No. 26.

On June 26, 2023, AccelGov and ISI-Markon JV (collectively, "Plaintiffs") filed amended complaints. ECF Nos. 35–36. AccelGov's amended complaint contains three counts, alleging: (1) the agency did not properly review AccelGov's technical proposal, *see* ECF No. 36 at 11–15; (2) the agency did not properly review Defendant-Intervenor's past performance, *see id.* at 15–25; and (3) the source selection decision was improper, *see id.* at 25–26. AccelGov asks the Court to order the agency to "perform a proper evaluation to make a reasonable award decision." *Id.* at 27 (requesting declaratory and permanent injunctive relief). ISI-Markon JV's amended complaint challenges: (1) the agency's technical evaluations, *see* ECF No. 35 at 11–31; (2) the agency's assessment of Defendant-Intervenor's past performance, *see id.* at 31–42; and (3) the agency's best value trade-off, *see id.* at 43–45. Like AccelGov, ISI-Markon asks the Court for "[a]n order directing the Agency to re-evaluate [ISI-Markon's] proposal in accordance with the terms of the Solicitation and the law." *Id.* at 52 (also requesting declaratory and permanent injunctive relief).

Also on June 26, 2023, Plaintiffs filed their respective MJARs. ECF Nos. 34, 38. AccelGov filed, along with its MJAR, a motion to supplement the administrative record ("AR"). ECF No. 37 (moving to add ECF Nos. 36-1 to -4 to the AR as records related to Defendant-Intervenor's past performance). No party filed a response to this motion by the deadline, nor has any party sought leave to file a response out of time.

On July 11, 2023, the government filed a motion to dismiss Plaintiffs' complaints pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. ECF No. 41. Defendant represented that "the agency has cancelled the contract award to SLICOM," and "will solicit new proposals, reassess both AccelGov's and ISI-Markon's offers, and undertake other corrective action in accordance with the Solicitation, the FAR, and all other applicable Federal law." *Id.* at 2. As a result, argues Defendant, "AccelGov and ISI-Markon have obtained all of the relief they sought in their amended complaints." *Id.* at 4 (citing the amended complaints and precedents). While Defendant-Intervenor consents to this motion to dismiss, *id.* at 2, Plaintiffs do not. Via email, Defendant informed Plaintiffs that, "for the corrective action, the Agency intends to amend the solicitation to address (at least) the past performance requirement ambiguities, solicit new proposals, undertake re-evaluation, and issue a new award." ECF No. 43-1.

On July 14, 2023, Plaintiffs filed separate responses to Defendant's motion to dismiss. ECF Nos. 42–43. Both Plaintiffs raised questions about Defendant's proposed corrective action given the lack of details the government provided in its motion (or in its communications with the other parties). ECF No. 42 at 2 (AccelGov); ECF No. 43 at 2 (ISI-Markon JV) ("Missing from the Government's Motion are any real details about what, exactly the Agency intends to do for its corrective action."). Both Plaintiffs are concerned that the agency "intends to tailor the corrective action to allow SLICOM to meet Solicitation requirements when it is clear under the current Solicitation that SLICOM does not." ECF No. 43 at 3; ECF No. 42 at 2–3 (similar).

On July 17, 2023, the Court held a status conference with the parties to discuss Defendant's motion to dismiss and Plaintiffs' opposition to that motion. *See* July 11, 2023, Minute Order.

## II.   DISCUSSION

This Court's bid protest jurisdiction includes a plaintiff's challenge to corrective action.[1] *See McTech Corp. v. United States*, 105 Fed. Cl. 726, 732 (2012). Such jurisdiction extends to cases where "an agency decides to take corrective action even when such action is not fully implemented." *Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (Fed. Cir. 2012) (citing *Turner Constr. Co. v. United States*, 645 F.3d 1377 (Fed. Cir. 2011)); *see Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 991 n.8 (Fed. Cir. 2018) (citing *Sys. Application & Techs.*, 691 F.3d at 1381).

As our appellate court, the United States Court of Appeals for the Federal Circuit, has explained, "we have consistently reviewed agencies' corrective actions under the APA's 'highly deferential' 'rational basis' standard." *Dell Fed. Sys.*, 906 F.3d at 992 (quoting *Croman Corp. v. United States*, 724 F.3d 1363, 1367 (Fed. Cir. 2013)); *see id.* ("The rational basis test asks 'whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion.'" (quoting *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004))). For example, where an agency contravened a procurement regulation by failing to conduct pre-award discussions, the agency could reopen the procurement to conduct discussions as a reasonable corrective action. *Id.* at 994–95; *see id.* at 998 ("[T]he Army rationally chose discussions, rather than clarifications[.]"). And, in general, the Court should dismiss a claim "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue." *Bitscopic, Inc. v. United States*, -- Fed. Cl. --, 2023 WL 4347054, at *16 (2023) (quoting *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007)) (granting a government motion to dismiss in a bid protest action); *see also Guardian Moving & Storage Co., Inc. v. United States*, 657 F. App'x 1018, 1025 (Fed. Cir. 2016) (same).

Even so, the government lacks carte blanche to end cases unilaterally — whether via a voluntary remand or dismissal for mootness — simply by calling a mulligan in a case challenging a government procurement decision pursuant to 28 U.S.C. § 1491(b). *See, e.g., Keltner v. United States*, 165 Fed. Cl. 484, 517 ("[Plaintiff] is correct that there is no reason, let alone any requirement, that this Court must remand his case to the [agency.] . . . If this Court were to adopt the government's view, . . . all we could do is issue remand

---

[1] "A 'corrective action in the bid protest context' is an 'agency action, usually taken after a protest has been initiated, to correct a perceived prior error in the procurement process, or, in the absence of error, to act to improve the competitive process.'" *Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 986 n.1 (quoting *Dellew Corp. v. United States*, 855 F.3d 1375, 1378 n.2 (Fed. Cir. 2017)).

3

after remand until the agency eventually renders a reasonable decision[.]"); *Vanquish Worldwide, LLC v. United States*, 163 Fed. Cl. 57, 65–66 (2022) (describing the Court's earlier denial of a government motion for a voluntary remand) (citing *Amentum Servs., Inc. v. United States*, 2021 WL 5871734, at *2–3 (Fed. Cl. Dec. 10, 2021)). Neither Plaintiffs nor the Court need accept on faith the effect of a vague corrective action proposal.

Rather, the government bears the burden of demonstrating that any agency action moots a pending case. *SEKRI, Inc. v. United States*, 165 Fed. Cl. 21, 36–37 (2023) (rejecting the government's argument that cancellation of a procurement mooted a complaint) (citing Supreme Court cases). "The salient question is whether [an agency's] corrective action has 'completely and irrevocably eradicated the effects of the alleged violation'" of law or the solicitation. *McTech Corp.*, 105 Fed. Cl. at 731 (quoting *Chapman Law Firm*, 490 F.3d at 940); *SEKRI, Inc. v. United States*, 163 Fed. Cl. 562, 577 (2022) (similar) (first citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); and then citing *Chapman Law Firm*, 490 F.3d at 940); *SEKRI*, 165 Fed. Cl. at 37 ("On this record, the defendant has not established that there is no reasonable expectation that the alleged violation will recur." (citing Supreme Court cases)). This standard is consistent with at least some, mostly older, GAO decisions. *See, e.g.*, *Power Dynatec Corp.*, B-236896, 89-2 CPD ¶ 522, 1989 WL 241476, at 1 n.1 (Comp. Gen. Dec. 6, 1989) ("The [agency] asks that we dismiss the protest as academic on the basis that it has taken corrective action. The protest is not academic; we will consider whether the action taken by the Navy was appropriate to remedy the original improper award. Corrective action taken by an agency to resolve a procurement deficiency would not be deemed appropriate if it did not return the protester essentially to its competitive position prior to the deficiency.").[2]

---

[2] *See also J. Sklar Mfg. Co., Inc.*, B-213708, 84-2 CPD ¶ 110, 1984 WL 46369, at 2 (Comp. Gen. July 25, 1984) ("Since [the agency] has admitted error and provided the only corrective action that we could have recommended in these circumstances, . . . no useful purpose would be served by our consideration of this protest."); *Aquasis Servs., Inc.*, B-232053, 88-2 CPD ¶ 278, 1988 WL 227929, at 1 (Comp. Gen. Sept. 22, 1988) (citing *J. Sklar Mfg. Co.*, 84-2 CPD ¶ 110)); *but see Kupono Gov't Servs., LLC*, B-421392.9, 2023 CPD ¶ 136, 2023 WL 3863512, at 1 (Comp. Gen. June 5, 2023) (explaining that where "the agency's proposed corrective action included a representation that it would review the other areas of its evaluation and address issues as appropriate, and concluded that this ultimately *could lead* the agency to solicit and evaluate revised technical proposals[,] . . . [and where] any challenge to the agency's proposed corrective action would amount to a new basis for protest[,] . . . we dismissed the . . . protests as academic" (emphasis added)); Nathaniel Castellano, *Corrective Action and Voluntary Remand: Recent Developments at the GAO and the COFC*, 36 Nash & Cibinic Rep. NL ¶ 23 (Apr. 2022) ("Once an agency announces an intent to take corrective action and reconsider a challenged procurement decision, the GAO will almost always dismiss the protest as academic. Agencies often file vague, cursory corrective action notices stating an intent to reconsider some or all issues raised in a protest that may or may not result in an amended solicitation or new award decision. . . . While filing an objection to corrective action can serve an important purpose of documenting the parties' positions and preserving certain arguments, the GAO will rarely question an agency's decision to take corrective action[.]").

Moreover, where a plaintiff challenges an agency's corrective action as improper, this Court considers "the underlying specific statutory or regulatory requirements" to decide whether the "corrective action [is] rationally related to the procurement defect." *Seventh Dimension, LLC v. United States*, 161 Fed. Cl. 110, 126 (2022) (alteration in original) (quoting *Dell Fed. Sys.*, 906 F.3d at 995–96, 999). In conducting that assessment, this Court, "*per force*, must review the improprieties — whether alleged or actual — that gave rise to the proposed corrective action." *ManTech Telecomms. & Info. Sys. Corp. v. United States*, 49 Fed. Cl. 57, 65 (2001); *see also SLS Fed. Servs., LLC v. United States*, 163 Fed. Cl. 596, 604 (2023) ("For corrective action to be reasonable, it must be rationally related to the original action's defects." (citing *Dell Fed. Sys.*, 906 F.3d at 994)).

Accordingly, in such a case, the Court "must review the agency's explanation of its corrective action." *Clarke Health Care Prods., Inc. v. United States*, 149 Fed. Cl. 440, 446 (2020). Where the government provides inadequate detail about the corrective action or it is untethered to alleged procurement improprieties, the corrective action lacks a rational basis. *See id.* at 447 ("[T]he AR is devoid of evidence setting forth the basis for the [agency's] decision to take corrective action. Without an adequate record to review, the court cannot evaluate whether the agency had a rational basis for the action taken." (citing *Dell Fed. Sys.*, 906 F.3d at 992)); *Sys. Application & Techs.*, 691 F.3d at 1383 (concluding that an agency "without adequate justification" cannot "force[] [a procurement awardee] to re-compete for the contract").

Whether the question is mootness or the general propriety of corrective action, this Court must have details. This Court cannot find that an agency's proposed or initiated corrective action moots a procurement challenge pursuant to 28 U.S.C. § 1491(b) or has a rational basis when "the record before the Court is devoid of evidence that the agency reviewed its needs, reasonably assessed them, and had a rational basis for deciding that the original solicitation did not meet them." *Pro. Serv. Indus., Inc. v. United States*, 129 Fed. Cl. 190, 207 (2016) (holding that corrective action amending a solicitation did not moot a bid protest action). Moreover, corrective action that "gives the appearance . . . [that] the agency has changed the solicitation to conform to an offeror's proposal" is unacceptable. *Pro Serv. Indus.*, 129 Fed. Cl. at 206. In the context of a bid protest action where the government requested a remand to the procuring agency, this Court has rejected the government's vague assertions of "broad discretion . . . to take any further administrative actions . . . and the right to consider any further information that the agency may gather during the remand in accordance with any procedures that the agency may establish[.]" *Vanquish Worldwide, LLC*, 163 Fed. Cl. at 65 (internal quotation marks and emphasis omitted) (quoting *Amentum Servs., Inc.*, 2021 WL 5871734, at *2).

Here, the government's motion jumps from the blurred silhouette of a proposed corrective action to a focused conclusion that "AccelGov and ISI-Markon have obtained *all* of the relief they sought." ECF No. 41 at 4 (emphasis added). The government's nonexistent rationale for the proposed agency corrective action fails to explain how an

amended solicitation, the receipt and evaluation of new proposals, and unidentified "other corrective action," *id.* at 2, will address the Plaintiffs' amended complaint. Plaintiffs do not challenge ambiguities in the solicitation and do not ask the Court to require the government to revise the solicitation. The government offers no explanation for how the opportunity to submit revised proposals relates at all to Plaintiffs' alleged defects with the agency's evaluations of the submitted proposals. Plaintiffs are reasonably skeptical of the agency's corrective action strategy, which would reset the entire procurement rather than address the alleged defects Plaintiffs have identified. That said, the Court does not prejudge those issues. But, at least at this point, with so little information about the potential corrective action, this Court lacks *any* reasonable basis to conclude that the government's proposed steps would resolve any of, let alone *all* of, Plaintiffs' claims. At a minimum, the Court cannot conclude that this case is moot such that the Court lacks jurisdiction. And even if agency corrective action had the effect of mooting Plaintiffs' pending claims, Plaintiffs in any event likely could amend their respective complaints to challenge the propriety of the corrective action.

### III. CONCLUSION

For the above-described reasons, the Court **DENIES, without prejudice,** Defendant's motion to dismiss, ECF No. 41.

Additionally, the Court **GRANTS** Plaintiff AccelGov's unopposed motion to supplement the AR, ECF No. 37. Tabs 1–36 of the AR remain unchanged. *See* June 21, 2023, Minute Order. The documents at ECF Nos. 36-1 to -4 together comprise Tab 37.

Furthermore, and based on the parties' agreement during the status conference given the corrective action issue, the Court **VACATES** the remaining deadlines in the May 18, 2023, scheduling order, ECF No. 26.

On or before **Friday, July 28, 2023**, the parties shall file a joint status report, proposing a schedule for how this case should proceed, and indicating whether: (a) the parties agree that the scope of the agency's corrective action addresses Plaintiffs' respective complaints, rendering the current case moot; (b) the Defendant will file a new motion to dismiss based upon corrective action; and/or (c) Plaintiffs (or Defendant-Intervenor) will challenge any proposed corrective action.

**IT IS SO ORDERED**.

s/Matthew H. Solomson  
Matthew H. Solomson  
Judge