# In the United States Court of Federal Claims

Nos. 23-693C, 23-720C

(Filed: August 8, 2023)

|  |  |
|---|---|
| **ACCELGOV, LLC,** | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **THE UNITED STATES,** | ) |
| *Defendant,* | ) |
| and | ) |
| **SLICOM,** | ) |
| *Defendant-Intervenor.* | ) |

|  |  |
|---|---|
| **ISI-MARKON JV, LLC,** | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **THE UNITED STATES,** | ) |
| *Defendant,* | ) |
| and | ) |
| **SLICOM,** | ) |
| *Defendant-Intervenor.* | ) |

## ORDER

On May 10, 2023, AccelGov, LLC, one of two plaintiffs in this case, filed its bid protest action pursuant to 28 U.S.C. § 1491(b) against Defendant, the United States, acting by and through the Department of Defense, Washington Headquarters Service ("WHS").

ECF No. 1.  On May 16, 2023, the Court consolidated AccelGov's case with that of ISI-Markon JV, LLC, which separately challenged the same procurement.  ECF No. 15.  On May 18, 2023, this Court granted Defendant-Intervenor SLICOM's unopposed motion to intervene.  May 18, 2023, Docket Order.  On June 26, 2023, AccelGov and ISI-Markon JV (collectively, "Plaintiffs") filed amended complaints.  ECF Nos. 35–36.

On July 11, 2023, Defendant filed a motion to dismiss Plaintiffs' amended complaints pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC").  ECF No. 41.  In the motion's approximately single page of case-specific discussion (most of which was comprised of citations), Defendant argued that its anticipated corrective action mooted the pending complaints.  *Id.* at 4–5 (positing that Plaintiffs "have obtained all of the relief they sought" because the government canceled the contract award and promised to "reassess both AccelGov's and ISI-Markon's offers").

On July 20, 2023, the Court denied Defendant's motion to dismiss.  *AccelGov, LLC v. United States*, -- Fed. Cl. --, 2023 WL 4634972, at *4–5 (July 20, 2023), ECF No. 44 (concluding "[t]he government's nonexistent rationale for the proposed agency corrective action fails to explain how an amended solicitation, the receipt and evaluation of new proposals, and unidentified 'other corrective action'" moot the complaints (quoting ECF No. 41 at 2)).  In rejecting the government's motion, the Court relied, in part, on *Systems Application & Technologies, Inc. v. United States (SA-Tech)*, 691 F.3d 1374 (Fed. Cir. 2012), in which the United States Court of Appeals for the Federal Circuit held that this Court's jurisdiction "extends to cases where 'an agency decides to take corrective action even when such action is not fully implemented.'"  *Id.* at *2 (quoting *Sys. Application & Techs.*, 691 F.3d at 1381).

Given that the impact of the government's proposed corrective action on this case remains an open question, this Court instructed the parties to file a joint status report ("JSR") proposing a schedule for further proceedings.  *AccelGov*, 2023 WL 4634972, at *5.  The Court ordered the parties to indicate in the JSR whether:  "(a) the parties agree that the scope of the agency's corrective action addresses Plaintiffs' respective complaints, rendering the current case moot; (b) the Defendant will file a new motion to dismiss based upon corrective action; and/or (c) Plaintiffs (or Defendant-Intervenor) will challenge any proposed corrective action."  *Id.* at 6.

The parties filed the required JSR on August 3, 2023.  ECF No. 49.  Each party ─ AccelGov, ISI-Markon, the government, and SLICOM ─ included a separate statement in the JSR and requested different next steps.  *Id.*  The government continues to assert that the intended corrective action moots Plaintiffs' complaints.  *Id.* at 10 ("[T]he United States believes that the scope of WHS's corrective action as stated herein renders plaintiffs' existing complaints moot (and thus subject to a motion to dismiss)[.]").  Although the Court denied the government's previous motion to dismiss without prejudice, *AccelGov*, 2023 WL 4634972, at *5, the government indicated it would *not* immediately file a new

2

motion to dismiss the current complaints. *See* ECF No. 49 at 8–9 (asserting that because the government expects Plaintiffs to file amended complaints, "it would serve little purpose for the United States to file a motion to dismiss the superseded second amended complaints"). Defendant-Intervenor SLICOM, in contrast to the government, indicated it would move to dismiss Plaintiffs' complaints. *Id.* at 17. Plaintiffs continue to argue the corrective action does not moot their complaints. *See id.* at 11 (AccelGov); *id.* at 14 (ISI-Markon). Both Plaintiffs indicated they would challenge the government's proposed corrective action, but proposed different schedules for doing so. AccelGov proposed that Plaintiffs challenge corrective action through responses to a motion to dismiss or, once the government completes additional corrective action, through amended complaints. *Id.* at 13. ISI-Markon proposed that Plaintiffs file amended complaints to challenge the government's planned corrective action. *Id.* at 14–15.

The government opposes Plaintiffs' request to proceed with a challenge to corrective action, arguing as follows:

> [W]e believe that this Court should reject plaintiffs' proposal that they be provided leave to protest the *intended* corrective action. Instead, we respectfully submit that this Court should require that, if plaintiffs[] intend to protest the corrective action, they be required to protest the corrective action only after the completion of the process of the issuance of Amendment 5; *i.e.*, only after WHS has received questions and comments concerning the draft Amendment 5 and has actually issued Amendment 5 setting forth the actual, and not merely *intended*, corrective action.

ECF No. 49 at 8 (emphases in original); ECF No. 30 at 355 (administrative record including the fourth and most recent amendment to the solicitation).

Neither the government nor SLICOM addressed *SA-Tech* in the JSR. Indeed, the government, for its part, does not contest this Court's jurisdiction to decide a complaint challenging the intended corrective action; rather, the government posits only that "plaintiffs' stratagem sets forth an entirely inefficient mechanism for resolving plaintiffs' purported concerns with [the] corrective action." ECF No. 49 at 9. According to the government, Plaintiffs' approach is inefficient because "they would have this Court first resolve whether WHS's *intended* corrective action was proper . . . [a]nd then, following a decision concerning the *intended* corrective action, the Court could potentially be employed by plaintiffs a second time to resolve a protest of the actual corrective action." *Id.* Thus, reasons the government, "assuming . . . [Plaintiffs] intend to protest the corrective action, the most efficient path forward is to allow the normal process of issuing a Solicitation amendment to play out in the first instance." *Id.*

In light of *SA-Tech*, however, the Court concludes that ISI-Markon's approach makes the most sense "to secure the just, speedy, and inexpensive determination" of this

action, *see* RCFC 1.  There are at least three related reasons supporting the Court's conclusion.   First, the government does not contest that, pursuant to *SA-Tech*, Plaintiffs may challenge the corrective action now without waiting to see the corrective action's results.  *See Sys. Application & Techs.*, 691 F.3d at 1383–85 (holding that a plaintiff's challenge to corrective action was ripe).  Because this Court has jurisdiction to consider any such challenge now, the Court fails to understand how it can force Plaintiffs to wait (or why the Court should do so).  The government repeatedly emphasizes that its corrective action is only "intended," but the government cannot use that modifier as both a sword (*i.e.*, to contend that the instant dispute is moot) and as a shield (*i.e.*, to contend that Plaintiff should not be permitted to challenge the corrective action now).

Second, even assuming the Court could delay Plaintiffs' challenge to the intended corrective action, neither the government nor SLICOM addresses the possible prejudice to Plaintiffs that is yet to be briefed: whether the government "without adequate justification — indeed, with arbitrariness — [is] forc[ing] [Plaintiffs] to re-compete for the contract" that AccelGov and ISI-Markon each contend they should have won.  *Sys. Application & Techs.*, 691 F.3d at 1383; *id.* at 1385 (considering this hardship in the ripeness analysis).

Third, while the government asserts that this case should proceed "with the production of a singular administrative record concerning the *actual* corrective action (*i.e.*, the actual Amendment 5), and not merely the *intended* corrective action[,]" such an approach potentially would limit Plaintiffs' case for injunctive relief.  ECF No. 49 at 10.  In particular, instead of being able to challenge the government's planned corrective action *per se*, Plaintiffs may find themselves limited to arguing about the results of the corrective action.

None of that is to conclude that the government's intended corrective action is, in fact, improper.  Rather, the only question is the proper mechanism for resolving what are clearly ripe disputes:  (1) the government's conduct of the procurement to-date; and (2) whether the government's intended corrective action is reasonable under the circumstances of the procurement to-date.

In consideration of the foregoing, the Court concludes that ISI-Markon's proposed approach and schedule, in general, fit the circumstances better than the other parties' proposals, and the Court thus adopts the following schedule:

| Event | Due on or before |
| --- | --- |
| Plaintiffs' amended complaints including a challenge to corrective action, if any | Monday, August 14, 2023 |
| Defendant's supplemental administrative record regarding corrective action | Monday, August 21, 2023 |

| | |
|---|---|
| Plaintiffs' revised motions for judgment on the administrative record (MJARs) | Tuesday, August 29, 2023 |
| Defendant's and Defendant-Intervenor's cross-MJARs and responses to Plaintiffs' MJARs | Tuesday, September 19, 2023 |
| Plaintiffs' responses and replies | Friday, September 29, 2023 |
| Defendant's and Defendant-Intervenor's replies | Monday, October 9, 2023 |
| Joint appendix | Monday, October 16, 2023 |

Plaintiffs, in filing any amended complaint, should carefully consider how the government's intended corrective action may impact the currently pending claims, if at all (*i.e.*, whether the pending counts should themselves be maintained, abandoned, or otherwise revised).

Relatedly, on or before **Thursday, August 17, 2023**, the parties shall meet-and-confer regarding whether the government will agree to stay the corrective action or, in the alternative, whether Plaintiffs will seek preliminary injunctive relief to stay the corrective action. The parties shall file a JSR no later than **Monday, August 21, 2023**, indicating whether the parties have reached an agreement as to a stay and, if not, whether Plaintiffs will seek a preliminary injunction. If Plaintiffs intend to seek preliminary injunctive relief, Plaintiffs shall file any such motion on or before **Thursday, August 24, 2023**. In the absence of any stay, the government will be permitted to proceed with the procurement (and corrective action), the results of which process could, indeed, ultimately render moot one or more of the pending claims or undermine any request for permanent injunctive relief. *See PGBA, LLC v. United States*, 389 F.3d 1219, 1229, 1232 (Fed. Cir. 2004) (affirming trial court's consideration of plaintiffs' "failure to seek a preliminary injunction as a factor weighing against a grant of injunctive relief").

The Court intends to hold oral argument in late October or early November 2023 at a date and time to be determined. Finally, any motion for an enlargement of time *must* be filed no later than two full business days prior to the deadline for which an extension is sought.

**IT IS SO ORDERED**.

s/Matthew H. Solomson  
Matthew H. Solomson  
Judge